IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**IGNACIO VALDIVIA VELEZ, JR.**                                   **PETITIONER**

v.                                   CIVIL ACTION NO. 3:19-CV-478-DPJ-JCG

**DAVID PAUL**                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Memorandum in Support (ECF No. 2) filed by Petitioner Ignacio Valdivia Velez, Jr. a/k/a Valdivia Velez Ignacio a/k/a Ignacio Valdivia. Respondent David Paul has filed a Response in Opposition (ECF No. 16), and Petitioner has filed a Reply (ECF No. 17). Having considered the submissions of the parties and the relevant legal authority, the undersigned recommends that the Petition (ECF No. 1) be dismissed.

### I. BACKGROUND

Velez is presently incarcerated with the Federal Bureau of Prisons (the BOP) at the Federal Correctional Complex in Yazoo City, Mississippi. On October 31, 2015, Velez was arrested pursuant to a warrant for a probation violation. During his arrest, he informed the officers that he had a shotgun in his waistband, and the officers retrieved it. He was later indicted in the Eastern District of California for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pled guilty to the charge on April 27, 2016, and on August 22, 2016, he was sentenced to 77 months in custody with 36 months of supervised release.

On July 5, 2019, he filed the present § 2241 petition. He argues that pursuant to the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the government would have been required to prove that he (1) knowingly possessed a firearm and (2) knew he was in the class of persons prohibited from possessing a firearm under the statute. However, he contends neither his attorney nor the United States Attorney prosecuting the case informed him of this prior to the plea agreement. Therefore, he contends his conviction should be vacated. Respondent argues that he has procedurally defaulted his claim.

## II. DISCUSSION

The first question the Court must address is whether § 2241 is the proper vehicle for Velez to challenge his conviction. Generally, § 2241 is used to attack the manner in which a sentence is being executed. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). "Section 2255 is the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). However, § 2255 contains a savings clause: a petitioner may proceed under § 2241 if a remedy under § 2255 would be inadequate or unavailable. *See* 28 U.S.C. § 2255(e).

In the Fifth Circuit, the savings clause:

> applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Here,

Respondent concedes that Petitioner satisfies the savings clause; however, he argues that *Reyes-Requena* should be overturned.

The undersigned is aware that another Magistrate in this District has accepted a similar concession, concluding that a petitioner satisfied the requirements of § 2255(e). *See Jordan v. Rivers*, No. 3:19-cv-685-CWR-FKB, 2020 WL 3564476, at *2 (S.D. Miss. June 3, 2020). However, other courts in this Circuit have disagreed, finding that *Rehaif* "was not made retroactively applicable on collateral review," and therefore a claim based on *Rehaif* did not satisfy the savings clause. *Helm v. United States*, No. 2:19-cv-306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020) (collecting cases); *Miller v. Pollock*, No. 1:19-cv-1448, 2020 WL 2301469, at *3 (W.D. La. May 8, 2020) (collecting cases).

Because this issue presents a jurisdictional question, the undersigned finds it is necessary to address it despite Respondent's concession. *See Helm v. United States*, No. 2:19-cv-306, 2020 WL 4470399, at *1 (S.D. Tex. Aug. 4, 2020) (adopting Memorandum and Recommendation and dismissing the § 2241 petition for lack of jurisdiction). It appears the overwhelming consensus is that *Rehaif* merely clarified § 922(g) and "does not apply retroactively to cases on collateral review." *See, e.g.*, *Abram v. Warden*, No. 1:19-cv-1481-P, 2020 WL 972707, at *2 (W.D. La. Jan. 31, 2020). Additionally, as reasoned by the Northern District of Texas, *Rehaif* does not establish that Velez has been convicted of a nonexistent offense; instead, "[i]t only establishe[d] the Government's burden of proof." *Dunbar v. Wilson*, No. 3:19-cv-2066, 2019 U.S. Dist. LEXIS 225852, at *3 (N.D. Tex. Dec. 27, 2019). The

undersigned recommends that this Court adopt the same approach, and therefore recommends that Velez's § 2241 petition be dismissed for lack of jurisdiction.

However, even if this Court accepts Respondent's concession that Velez may proceed under § 2241, the Court must still determine if Velez should be allowed to proceed. When a petitioner does not raise a claim on direct review, "that claim may be raised in a habeas petition only if the petitioner can first demonstrate either cause for the default and prejudice resulting from the error, or that he is actually innocent of the crime of conviction." *Jordan*, 2020 WL 3564476, at *2 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Velez argues that he satisfies the cause and prejudice requirement because he was informed that if he went to trial, the government only had to prove he possessed a gun. He contends that he was prejudiced because this statement induced him to plead guilty "without considering if the government could prove 'status'" (ECF No. 17 at 2). However, to satisfy the cause requirement, Velez "must show that 'some objective factor external to the defense prevented him from raising on the direct appeal the claim he now advances.'" *United States v. Scott*, No. 17-cr-23, 2020 WL 1030927, at *13 (E.D. La Mar. 3, 2020) (quoting *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996)). Although this can include "a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion," neither an unsettled question of law, nor an incorrect holding "excuse the petitioner's failure to attack the validity of his plea on direct appeal." *Id.* (quoting *United States v. Thompson*, 158 F.3d 223, 225 (5th Cir. 1998)). Given that

*Rehaif* "was based upon clear precedent and the plain language of the statute," Velez cannot argue that the basis of this claim was unavailable to him. *Jordan*, 2020 WL 3564476, at *2 (citing *Rehaif*, 139 S. Ct. at 2196-97).

Therefore, in order to obtain relief, Velez must show that he meets the "actual innocence" exception to the procedural bar. In order to satisfy this exception, Velez "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). Respondent has offered evidence that Velez was convicted in the Superior Court of California in 2014 for possession of a firearm by a felon, as he had previously been convicted of another crime in 2012 (ECF No. 16-1). The Felony Advisement, Waiver of Rights, and Plea Form (ECF No. 16-1 at 10-11), indicated that he may be subject to a firearm restriction as a result of his plea, and Velez initialed and signed the form. He has offered nothing to contradict this evidence, and he has offered no explanation as to how he could be unaware of these convictions. Therefore, Velez has not satisfied the actual innocence prong. *See Jordan*, 2020 WL 3564476, at *2-3. Because Velez has procedurally defaulted his claim and no exception applies, this Court cannot consider his Petition.

### III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Petition of Ignacio Valdivia Velez, Jr. for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed.

## IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 28th day of September, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE